# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

JACOB FREIMARK,

    Plaintiff,

v.

BAINBRIDGE ISLAND SCHOOL DISTRICT NO. 303;

Amii Thompson, in her individual capacity;

Annalisa Sanchez, in her individual capacity;

Jill Anderson, in her individual capacity;

Kelly Cancialosi, in her individual capacity;

San Jay Pal, in his individual capacity;

Evan Saint Clair, in his individual capacity;

Robert Drury, in his individual capacity;

    Defendants.

Case No.   **3:26-cv-05241-BHS**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

### JURY DEMAND

1

# I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Supplemental jurisdiction over related state-law claims exists under 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred within the Western District of Washington.

# II. PARTIES

1. Plaintiff Jacob Freimark is a former classified para-educator employed by Defendant Bainbridge Island School District No. 303.

2. Defendant Bainbridge Island School District No. 303 and Et. Al. is a municipal entity subject to suit under 42 U.S.C. § 1983.

3. Defendant Amii Thompson was, at all relevant times, Superintendent and a final policymaker for the District.

4. Defendants Annalisa Sanchez, Jill Anderson, Kelly Cancialosi, San Jay Pal, and Evan Saint Clair were administrators and/or Board Members with final or delegated disciplinary authority.

5. All Individual Defendants acted under color of state law and are sued in their individual capacities.

# III. EXECUTIVE SUMMARY

1. Plaintiff served as a para-educator for three years and consistently received positive evaluations.

2. Beginning September 1, 2025, following a supervisory change, Plaintiff was subjected to restrictions preventing the use of communication tools necessary for off-campus student supervision.

3. Plaintiff raised safety and compliance concerns regarding these restrictions.

4. Plaintiff was disciplined for alleged "failure to communicate" and supervision deficiencies directly caused by the imposed restrictions.

5. Discipline escalated and culminated in Plaintiff's termination on December 11, 2025.

6. Other similarly situated para-educators retained full communication access and were not disciplined.

7. Plaintiff's termination relied upon incomplete evaluations and occurred without constitutionally adequate notice and an opportunity to respond.

8. District policymakers ratified the termination despite knowledge of the circumstances described herein.

| Date | Exhibit | Purpose |
| --- | --- | --- |
| Sept. 2nd 10:58 a.m., 2025 | D | Disparate enforcement pattern starts from email highlighting public safety and possible defamatory statements from student(s). |
| Oct 16–17, 2025 | C, F | Communication restrictions; safety risks |
| Oct–Nov 2025 | E | Ignored rebuttals |
| Oct 28, 2025 | G | Conflicting directives |
| Dec 11, 2025 | I | Terminated from Position at BISD; due process |
| Dec 27, 2025 | H | Rebuttal ignored; due process |

# IV. FACTUAL ALLEGATIONS

## A. Engineered Impossibility and Retaliatory Restrictions

1. Beginning September 1, 2025, Plaintiff was subjected to restrictions on communication tools essential to performing required duties.

2. Plaintiff was prohibited from using personal devices or sending updates via sanctioned channels; leaving the work area to communicate would trigger discipline.

3. On September 2, 2025, Plaintiff attempted to document a serious student incident while off-campus. Restrictions created an engineered impossibility: Plaintiff could neither comply with reporting obligations nor avoid discipline.

4. Plaintiff objected orally to restrictions, citing compliance and student safety concerns.

5. Subsequent incidents confirmed that lack of communication tools directly endangered students.

## B. Pretextual Discipline and Performance Evaluations

1. Defendants disciplined Plaintiff for "failures to communicate" caused by imposed restrictions.

2. Evaluations used to justify discipline and termination were incomplete and omitted required ratings.

3. Plaintiff consistently received positive evaluations prior to the supervisory change.

4. The timing and escalation of discipline culminating in December 11, 2025 termination demonstrates pretext.

## C. Protected Activity and Retaliation

1. Plaintiff engaged in citizen speech on matters of public concern, including oral objections and documentation of safety incidents.

2. Communications occurred outside ordinary job duties due to restrictions threatening discipline.

3. Defendants escalated discipline, restricted tools, and ultimately terminated Plaintiff.

4

## D. Disparate Treatment

1. Other para-educators performing comparable duties retained full communication access and were not disciplined.

2. Plaintiff faced heightened scrutiny and selective enforcement.

## E. Procedural Due Process Violations

1. Plaintiff had a protected property interest in employment.

2. Termination relied on incomplete evaluations without adequate notice or opportunity to respond.

## F. Municipal Liability (Monell)

1. District policymakers ratified Plaintiff's termination despite knowledge of incomplete evaluations and selective enforcement.

2. Policies permitting discipline based on incomplete evaluations and retaliation were the moving force behind constitutional deprivations.

# V. CAUSES OF ACTION

## Count I – First Amendment Retaliation

1. Plaintiff engaged in protected citizen speech.

2. Defendants imposed adverse actions in response.

3. Protected speech was a substantial or motivating factor.

4. Actions would deter a reasonable employee from similar speech.

## Count II – Equal Protection

1. Plaintiff was similarly situated to other para-educators but treated differently.

2. Defendants disciplined and terminated Plaintiff for conduct tolerated for comparators.

3. Actions deprived Plaintiff of equal protection under the Fourteenth Amendment.

## Count III – Procedural Due Process

1. Plaintiff had a property interest in continued employment.

2. Defendants relied on incomplete and inaccurate evaluations.

3. Plaintiff was deprived of notice and opportunity to respond.

## Count IV – Municipal Liability (Monell)

1. District ratified adverse actions despite knowledge of procedural defects.

2. Such policies were the moving force behind constitutional violations.

## Count V – Individual-Capacity Liability

1. Each individual defendant knowingly participated in or ratified constitutional violations.

2. Rights violated were clearly established.

3. Plaintiff suffered lost wages, benefits, reputational harm, and emotional distress.

# VI. DAMAGES

Plaintiff has suffered:

A. Loss of employment

B. Lost wages and benefits

C. Loss of retirement accrual

D. Emotional distress

E. Reputational harm

6

F.  Out-of-pocket costs

# VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A.  Compensatory damages in the amount of $4,000,008.00

B.  Declaratory and injunctive relief

C.  Pre-judgment and post-judgment interest

D.  Costs of suit

E.  Such further relief as the Court deems just and proper

# VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# X. EXHIBITS AND ATTACHMENTS

1. Plaintiff intends to rely upon the following exhibits in support of the claims asserted herein. Each exhibit will be separately labeled and attached to the filed complaint:

Exhibit A.  *SEE* Copies of Plaintiff's employment evaluations, showing consistently positive performance prior to September 2025 and Preliminary Letter of Direction

Exhibit B.  Contemporaneous Observations of Workplace Conduct, Discipline and Policy Enforcement Redacted-Communications demonstrating Plaintiff's protected speech regarding student safety and procedural compliance, including [INSERT: emails, letters, union communications, or board meeting statements]

Exhibit C.  Internal Letter Documenting Supervisory Action and Records and documentation contradicting Defendant's published statements, including [INSERT: dates, emails, reports,

witness notes]

Exhibit D.  Workplace Conduct, Discipline, and Policy Enforcement- Evidence of disciplinary actions taken against Plaintiff, including official notices, internal memos.

Exhibit E.  Any other documents that corroborate Plaintiff's claims of retaliation, procedural due process violations, or defamatory publications

Exhibit F.  Redacted Contemporaneous Observations of Workplace Conduct, Discipline, and Policy Enforcement

Exhibit G.  Rule 56 Evidence - Due Process and Termination Deficiencies

Exhibit H.  Procedural Due Process, Washington State Protections, and Whistle-blower/Retaliation Claims

Exhibit I.  Letter of Termination

Exhibit J.  Comprehensive Mitigation Efforts Summary

Exhibit K.  Civil Action: 10-Year Comprehensive Damages Projection and Legal Outline

2. Plaintiff reserves the right to supplement this list of exhibits as additional evidence becomes available during discovery or prior to trial.

3. Each exhibit referenced above is intended to be filed concurrently with this Complaint as attachments to a PACER-ready PDF. Hyperlinked references within the PDF may be included if permitted by the Court's ECF/CM system.

4. Plaintiff respectfully requests that the Court consider these exhibits in evaluating both the constitutional claims under 42 U.S.C. §1983.

DATED this 1st day of April, 2026.

/s/ Jacob Freimark

**Jacob Freimark**

Plaintiff, Pro Se

5667 NE Foster Road

Bainbridge Island, WA 98110

Telephone: (206) 384-8316

Email: JacobFreimark@outlook.com