UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB FREIMARK,

                Plaintiff,

    v.

BAINBRIDGE ISLAND SCHOOL
DISTRICT NO. 303, et al.,

                Defendants.

CASE NO. C26-5241 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Jacob Freimark's "motion to supplement the record and for consideration of additional evidence," Dkt. 9. Freimark has also filed two memoranda in anticipation of and in opposition to motions to dismiss that have yet to be filed, and exhibits or evidence purporting to prove or support the factual allegations in his complaint. These filings are procedurally improper.

The Court does not peruse the docket looking for exhibits or briefs untethered to a pending motion. The Federal Rules of Civil Procedure and this District's own Local Civil Rules (LCR) explain what motions are available, and how to serve, file, and note them for the Court's consideration. The Rules explain how to share and obtain evidence, and

ORDER - 1

how and when to move for or oppose various motions, including motions to dismiss or for summary judgment.

It is true that a pro se litigant is not held to the same standard as a licensed attorney. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). Regardless of technical deficiencies, a pro se litigant's pleading—his complaint—should be judged only by function, not form. *Id.* This rule is almost uniformly applied when a pro se plaintiff is seeking *in forma pauperis* status, or defending a motion to dismiss.

But the rule of liberal construction does not apply to a pro se litigant's own motions, and a pro se plaintiff is not immune from the rules of civil procedure. A pro se litigant "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012). Pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986)). This includes compliance with Rule 11, which applies to pro se litigants. Freimark is cautioned that his reliance on artificial intelligence does not excuse him following the rules and the Court's Orders.

Freimark's motion to supplement the record and for the Court to consider his evidence, Dkt. 9, is **DENIED**. He may file briefs and (in some circumstances) evidence in support of his own motions, or in response to a defendant's motion. He may offer evidence with a proper foundation, consistent with the Federal Rules of Evidence, at trial. But it is improper and unproductive to simply file exhibits and evidence on the docket

and ask the Court to consider it, unconnected to any pending motion. Future filings of this nature may be stricken.

IT IS SO ORDERED.

Dated this 28th day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3