## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

JACOB FREIMARK, Plaintiff,

v.

BAINBRIDGE ISLAND SCHOOL DISTRICT NO. 303;

AMII THOMPSON, in her individual capacity;

JENNINE RAU, in her individual capacity;

ANNALISA SANCHEZ, in her individual capacity;

JILL ANDERSON, in her individual capacity;

KELLY CANCIALOSI, in her individual capacity;

EVAN SAINT CLAIR, in her individual capacity;

ROBERT DRURY, in his individual capacity;

SAN JAY PAL, in his individual capacity;


Defendants.


Case No.:  3:26-cv-05241-BHS


### AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983)
### JURY DEMAND


# I. JURISDICTION AND VENUE

1. Jurisdiction exists under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this District under 28 U.S.C. § 1391(b).

1

## II. PARTIES

1. Plaintiff was employed as a para-educator by Defendant District.

2. Defendant Bainbridge Island School District No. 303 is a municipal entity subject to 42 U.S.C. § 1983.

3. Individual Defendants acted under color of state law in employment and disciplinary decisions and are sued in their individual capacities.

## III. FACTUAL ALLEGATIONS

1. Plaintiff engaged in speech and communications regarding student safety and workplace compliance.

2. Plaintiff alleges that an initial written email documentation communication within the workplace record, including an email submitted by Defendant Jennine Rau, preceded administrative review and the issuance of a Letter of Direction by supervisory personnel.

3. Following these communications, Defendants imposed communication and operational restrictions affecting Plaintiff's ability to perform job duties.

4. Plaintiff was subsequently disciplined for alleged performance failures directly caused by those restrictions.

5. Discipline escalated despite Plaintiff's objections and complaints.

6. On December 11, 2025, Plaintiff was terminated based on performance determinations relying on restriction-caused deficiencies.

7. Similarly situated employees were not subjected to comparable restrictions or discipline.

2

# IV. INDIVIDUAL DEFENDANT CONDUCT AND LIABILITY ALLEGATIONS

1. Defendant Jennine Rau, participated in administrative processing, documentation, or internal handling and transfer of electronic correspondence before the plaintiff's termination.

2. Defendant Thompson and BISD NO. 303 SCHOOL BOARD, as final policymakers, approved or ratified the decision to terminate Plaintiff with knowledge that the underlying evaluative materials and disciplinary record were disputed and incomplete.

3. Defendant Sanchez imposed communication restrictions that directly impacted Plaintiff's ability to perform assigned duties and comply with performance expectations.

4. Defendant Anderson relied upon, transmitted, or endorsed disciplinary findings that were based on performance deficiencies allegedly created by imposed restrictions.

5. Defendant Cancialosi participated in or approved evaluation materials used to justify disciplinary escalation.

6. Defendant Pal reviewed and approved termination-related materials forming the basis of Plaintiff's final termination decision.

7. Defendant Saint Clair participated in administrative processing, documentation, or internal handling of disciplinary actions.

8. Defendant Drury reviewed and approved termination-related materials forming the basis of Plaintiff's final termination decision.

# V. CLAIMS FOR RELIEF

### Count I — First Amendment Retaliation

1. Plaintiff engaged in protected speech on matters of public concern.

3

2. Defendants imposed adverse employment actions including restriction, discipline, and termination.

3. The adverse actions were substantially motivated by Plaintiff's protected speech.

4. The conduct would deter a reasonable employee from engaging in protected speech.

## Count II — Equal Protection

1. Plaintiff was similarly situated to other employees in comparable positions.

2. Plaintiff was treated differently through restrictions and discipline.

3. The disparity lacks a rational or legitimate basis as alleged.

## Count III — Procedural Due Process

1. Plaintiff had a protected property interest in continued employment.

2. Plaintiff was terminated based on incomplete and procedurally deficient evaluative materials.

3. Plaintiff was not provided meaningful pre-deprivation notice or opportunity to respond.

## Count IV — Monell Liability

1. A final policymaker approved or ratified the termination despite knowledge of procedural deficiencies.

2. The District maintained a policy or practice of disciplining employees based on incomplete or deficient evaluations.

3. These policies or practices were the moving force behind the constitutional violations alleged.

# VI. DAMAGES

1. Loss of employment and wages;

2. Loss of benefits and retirement accrual;

3. Emotional distress;

4. Reputational harm;

5. Out-of-pocket expenses.

## VII. REQUEST FOR RELIEF

1. Compensatory damages;

2. Declaratory relief;

3. Injunctive relief;

4. Costs and attorney's fees as permitted by law;

5. Such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: May 20, 2026

/s/ Jacob Freimark

Plaintiff, Pro Se

5667 NE Foster Road

Bainbridge Island, WA 98110

Email: JacobFreimark@outlook.com