UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB FREIMARK,<br><br>Plaintiff,<br>v.<br><br>BAINBRIDGE ISLAND SCHOOL DISTRICT NO. 303 et al.,<br><br>Defendants. | CASE NO. C26-5241 BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se plaintiff Jacob Freimark's redundant motions for leave to file an amended complaint, Dkts. 34 and 36. The filings do not seem to be materially different, and neither complies with this District's Local Civil Rules:

> (a) *Amendment with the court's leave*. A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion. The party **must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added**. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LCR 15(a) (emphasis added).

Freimark apparently seeks to add defendants' counsel as defendants in the case, though neither of his proposed amended complaints makes a single factual allegation about any attorney. His motion asserts that counsel "explicitly and willfully refused, failed to comply and apply Federal Procedure and Policy to their documentation." Dkt. 34 at 3.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted).

The court considers five factors in determining whether to grant leave under Rule 15: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847 RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)).

Freimark has alleged no facts about and asserted no cause of action against defendants' counsel, suggesting that his effort to name them as defendants based on their conduct in this case is not undertaken in good faith. It is also futile, because there is no

viable cause of action against one's adversary's counsel for "fail[ing] to comply and apply Federal Procedure Policy to their documentation." Dkt. 34 at 3.

Freimark's motions to amend, Dkts. 34 and 36, are **DENIED**.

***

The Court's prior Order explained that notwithstanding his pro se status, Freimark is subject to the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington, and that random filings unconnected to any pending motion were likely to be stricken. Dkt. 13. It explained that to obtain a ruling on an issue or dispute, the proper course is to file a motion authorized by and consistent with the applicable civil rules.

Freimark has not heeded the Court's admonition. He has continued to file various "requests," Dkts. 24 and 29; a "proposed amended complaint," Dkt. 16; a Declaration in support of a "settlement package," Dkt. 35; another Declaration in support of damages, Dkt. 37; and a "proposed motion for bill of costs," Dkt. 38, even though he has not prevailed. These filings are procedurally improper and counterproductive. They are **STRICKEN**.

Freimark has also recently filed (twice) a 25 page "*PLAINTIFFS OBJECTION, RESPONSE, AND NOTICE REGARDING DEFENDANTS ANSWER (DKT. 23), UNCORRECTED SIGNATURE DISCREPANCY, EXPIRATION OF RESPONSIVE-PLEADING PERIODS, AND REQUEST FOR APPROPRIATE PROCEDURAL RELIEF,*" Dkts. 42 and 43. The gist of Freimark's concern is that the electronic signature

on defendants' Answer, Dkt. 23, reads "/s/ Allison Adach" while the signature block identifies the defendants' attorney as "Allison Adachi, WSBA #59448."

Freimark contends that because of this "facial discrepancy," the defendants' answer is defective and ineffective, and that the defendants are in therefore default. Dkts. 42 and 43. Even if it were contained in a motion authorized by the Civil Rules, properly filed, noted, and served, this contention is without substantive merit. The obvious typographical error of leaving an "i" off the attorneys' electronic signature is *de minimus* and it is not a valid basis for striking a pleading. Nor is it a basis for Rule 11[1] relief, or a default judgment.

Freimark's filings, Dkts. 42 and 43, are **STRICKEN**. Future filings that are not consistent with the Rules and this Court's orders will also be stricken, and may result in monetary or other sanctions. Litigants in this Court may carefully use artificial intelligence, but they must use common sense.

**IT IS SO ORDERED**.

Dated this 12th day of August, 2026.

BENJAMIN H. SETTLE
United States District Judge

[1] Rule 11 also applies to pro se litigants.