UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB FREIMARK,<br>Plaintiff,<br>v.<br>BAINBRIDGE ISLAND SCHOOL DISTRICT NO. 303, et al.,<br>Defendants. | CASE NO. C26-5241 BHS<br>ORDER |

THIS MATTER is before the Court on its review of pro se plaintiff Jacob Freimark's recent filings, following the Court's August 12 Order unambiguously rejecting as *de minimus* Freimark's arguments about the missing "i" in counsel's electronic signature, and striking his numerous improper filings about that issue. Dkt. 45 at 4.

The Court's Order reiterated its warning that Freimark was subject to and is required to follow the Federal Rules of Civil Procedure and this District's Local Rules. It informed Freimark that if he would not follow Rules, the Court would strike the improper filings and sanction Freimark for his refusal to follow the Rules. *Id*; *see also* Dkt. 13.

Local Rule 7 explains how to bring an issue before the Court, with a proper motion: how long it can be, how to serve it, how and when to note it on the calendar for the Court's consideration, and how and when to ask the Court to reconsider a decision when a litigant thinks the Court got something wrong. The Local Rules do not permit litigants to simply ignore the Court's orders, or its rejection of his argument by simply re-filing the same, procedurally improper and substantively meritless "requests" in the hope of a different outcome.

Less than four hours after the Court's August 12 Order, Freimark filed yet another document seeking relief based on the missing "i": a 19 page "*Request for Motion to Strike, or in the Alternative Require Correction of, Defendants Answer for Signature Block Discrepancy [Missing Phone Number And Correctly Matching Signature]; and Request for Recognition of Expiration of Responsive-Pleading Deadline,*" Dkt. 46.

The filing is not a motion, it was not noted for hearing, and it is not authorized by any Rule. It cites no authority for the proposition that any court would strike a pleading on such a basis, and there is none. It makes no mention of the Court's Order and does not acknowledge that he had already filed *two* prior "objections" about the missing "i." It is not a motion for reconsideration; it does not acknowledge must less attempt to refute the Court's prior analysis. Instead, Freimark simply ignores the fact that the Court already rejected his hyper technical objection and his requests for relief based on it. Freimark's request at **Dkt. 46** is procedurally improper and repetitious. It is without any substantive merit and it is **STRICKEN**.

A week later, Freimark filed another procedurally improper 11 page "*Motion For Procedural Clarification And Request For Appropriate Relief*," Dkt. 47. It is not a motion, and it was not noted for the Court's consideration. It appears to be a detailed log of his contact with opposing counsel since April of this year. The gist seems to be that Freimark is attempting to litigate a different but similarly insignificant typographical error, this time his adversary's email suggesting a meeting at 11:30 "p.m." that obviously should have been 11:30 "a.m." Dkt. 47 at 6. This error does not warrant any relief, even if Freimark had filed and properly noted and served a motion seeking some relief. He did not. Freimark's request at **Dkt. 47** is again procedurally improper and without substantive merit and it is **STRICKEN**.

On August 20, defendants filed a Rule 56 motion for summary judgment, properly noted on the court's calendar for September 17. Dkt. 51.

On August 21, Freimark filed his "response," to defendants' motion. Dkt. 52. Freimark's filing does not address the substance of defendants' summary judgment motion but instead asks the Court to strike it as an "amended pleading" filed one day too late under the Court's scheduling Order, Dkt. 33.

Freimark is not correct. A motion for summary judgment is not a pleading; it is a dispositive motion authorized by the Federal Rules of Civil Procedure and this District's Local Rules. *See* Fed. R. of Civ. P. 7 and 56; LCR 7 and 56. The Court's scheduling Order set a May 17, 2027, deadline for filing dispositive motions. Dkt. 33. The defendants' summary judgment motion is such a motion, which means that if the Court grants it, the case is over. The Federal Rules of Civil Procedure and this District's Local

Rules clearly explain how and when to respond to such a motion. Defendants' summary judgment motion is timely, it was properly filed and noted for the Court's consideration September 17, and the Court will consider it at that time.

Freimark's request to strike defendants' motion, Dkt. 52, as untimely is **DENIED**. Freimark may file ***one*** proper response to the pending summary judgment motion, consistent with the Rules' requirements for length, timing, and substance. The Rules do not permit multiple responses, and the Court will not make an exception in this case based on the sheer number of improper and redundant filings already.

This is the standard against which the motion and Freimark's response will be measured:

> Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).
>
> A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The moving party bears the initial burden of showing that there is no evidence that supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

> There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

The Court's prior Orders warned Freimark against filing random declarations and other documents unconnected to any pending motion. Indeed, it has warned Freimark that continued filings of this nature would be stricken and subject him to monetary or other sanctions. Dkt. 45; *see also* Dkt. 13.

Notwithstanding these warnings, Freimark continues. On Monday, August 24, he filed a "*Declaration Regarding Good-Faith Efforts, Compliance With Court Directions, and Responsibility for Plaintiffs Own Conduct*," **Dkt. 53**; and on Thursday, August 27, he filed a "Praecipe" again documenting in pedantic detail the missing "i" in attorney Allison Adachi's name on defendants' pleading, **Dkt. 54**; and yet another "Declaration *Of Plaintiff Regarding Conistent* [sic] *Application Of Procedural Rules And Equal Treatment Of The Parties*," **Dkt. 55**. On Friday, Freimark filed a 36 page "*Request for Plaintiffs Motion To Compel Targeted Discovery*," **Dkt. 56**. On Saturday, he filed: a "*Request for: Plaintiff's Motion for Declaratory Judgment*," **Dkt. 57**; a supporting Declaration, **Dkt. 58**; another "*Request for: Motion to strike defendants' Answer*" (based yet again on the missing "i,"), **Dkt. 59;** another Declaration in support, **Dkt. 60**; and a proposed order striking defendants' answer, **Dkt. 61**.

Every one of these filings is improper. They are not connected to any pending motion, they are not authorized by the Civil Rules or the Local Rules, and they flagrantly defy the Court's prior Orders specifically instructing Freimark to stop filing such

documents. Each of the **bolded** docket entries is **STRICKEN**. Freimark's repeated requests for some relief based on the missing "i" are **DENIED** with prejudice and the Court will not entertain anymore argument about it.

The Court cannot put it any plainer: Freimark's concerns about the missing "i" are simply not worthy of the energy he has spent complaining about it. It is an inexcusable waste of his own, counsel's, and the Court's time. The case of the missing "i" is **closed**.

Separately, and worse, Freimark has inappropriately copied the Courtroom Deputy on his emails to counsel. He recently emailed the Courtroom Deputy directly, describing for her his meet and confer with counsel over the missing "i" and asking her to relay his musings and "impressions" to the Judge:

> Good afternoon,
> Mark, Allison, and I were able to sync up for our meet and confer that I was finally able to reach out first without having unnecessary and undue pressure applied to the plaintiff.
> I would like to commend Mark for professing his admiration and loyalty for the Federal Procedures that he has followed to an "I".
> He stated many times, paraphrased...that they are both important and also not substantial, to the case at hand.
> We didn't agree on much, I might follow up if the court soepenas [sic] the school for ESI records.
> He stated he would send me a request for a copy of all the documentation I had that is the "substance" of my complaint.
> Please let the judge know I was under the impression all Federal Procedure rules had to be followed not just cherry picking, what suits any party's narrative.
> He explained he doesn't know all the Federal rules because there are so many.
> Such as Rule 11 and Rule 10(a).

There is no conceivably valid reason to send such an email to the Courtroom Deputy. What possible purpose is there for wasting her time with this report? What does Freimark expect her to do with it?

To be clear: ***Any*** argument or objection or complaint or request or notice that a party may have about any matter it truly believes is worthy of the Court's attention should be addressed to the Court in a **written motion**, drafted, served, filed and noted on the calendar for the Court's consideration consistent with the Federal Rules of Civil Procedure and this District's Local Rules—including Rule 11, which applies to pro se litigants. It is wholly inappropriate to email Court staff to let them know how your meeting went, to argue the merits of a pending motion or dispute, or to complain about an adversary (or the Court).

Litigants and attorneys may contact the Courtroom Deputy ***only*** about scheduling issues and other logistical matters, and they may do so only with common courtesy and common sense. Future emails of this nature may result in monetary sanctions payable to the Court.

Freimark shall **SHOW CAUSE IN WRITING** why he should not be **SANCTIONED** for his consistent refusal to follow the Rules that apply to every litigant, and why he continues to ignore the Court's clear admonitions. Any claimed reliance on artificial intelligence will not suffice. He should do so by the end of business Friday September 4, and in any event before he files anything else in this case. His response shall be contained in a **single** filing not exceeding **20 pages**.

Future filings that are not authorized by and consistent with the Federal and Local Rules of Civil Procedure and the Court's Orders will be summarily stricken, and will subject Freimark to monetary or other sanctions, up to and including dismissal.

**IT IS SO ORDERED**.

Dated this 31st day of August, 2026.

BENJAMIN H. SETTLE
United States District Judge